UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARR SANCHEZ & ASSOCIATES,<br><br>        Plaintiff,<br><br>    v.<br><br>CLAUDIA MAZARIEGOS,<br><br>        Defendant. | Case No. 17-cv-01470-JSW<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF JURISIDICTION**<br><br>Re: Dkt. No. 1 |

On March 17, 2017, Defendant, acting *pro se*, filed a Notice of Removal, citing 28 U.S.C. section 1443(1) as the basis for the Court's jurisdiction. Section 1443(1) provides:

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

The Complaint attached to Defendant's notice of removal is for an unlawful detainer action in the Superior Court of California, County of Alameda. A party seeking to remove a case pursuant to Section 1443(1) must satisfy a two-part test. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The first requirement is that a petitioner "'must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.'" *Id.* (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). The second requirement is that a petitioner "'must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" *Id.* (quoting *Sandoval*, 434 F.2d at 636).

Apart from Defendant's conclusory assertion that jurisdiction exists under Section 1443(1), there are no facts from which the Court can discern this case falls within the scope of Section 1443(1).  *See, e.g., Ariza v. Skinner*, No. 17-cv-00546-DMR, 2017 WL 939019, at *2-*3 (N.D. Cal. Feb. 16, 2017), *report and recommendation adopted by* 2017 WL 929561 (N.D. Cal. Mar. 9, 2017); *Wells Fargo Bank, N.A. v. Vann*, No. 13-cv-01148-YGR, 2013 WL 1856711, at *4 (N.D. Cal. May 2, 2013) ("Similar to 28 U.S.C. section 1343, section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis.").

Accordingly, Defendant is HEREBY ORDERED TO SHOW CAUSE why the Court should not remand this case for lack of jurisdiction.  Defendant's response to this Order to Show Cause shall be due by April 7, 2011.  Unless the Court orders otherwise, no response from Plaintiff is required.

The Court advises Defendant that that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.  Defendant also may seek assistance from the Legal Help Center.  Defendant may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the San Francisco Courthouse, Room 2796, or on the 4th Floor of the Oakland Courthouse, Room 470S, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated:  March 21, 2017

_____
JEFFREY S. WHITE
United States District Judge